# COMPOSITE

# EXHIBIT A



New Search   Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 322021CA000093CAAXMX [21000093CAAXMX] | 05/28/2021 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 05/28/2021 | OTHER-DISCRIMINATION EMPLOYMENT/OTHER | YES | NO | - |

| Party Name | | Party Type | Attorney | Bar ID |
|---|---|---|---|---|
| GOODMAN, JAMES JEFFERSON JR. | | JUDGE | | |
| METRIC ENGINEERING INC | Search This Party | DEFENDANT | | |
| THOMPSON TRUCKING LLC | Search This Party | DEFENDANT | | |
| PEACE, ADRIAN SR | Search This Party | PLAINTIFF | MATTOX, MARIE A | 739685 |

## Dockets

Page : 1   [ ] [ ]   10 ⌄

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 13 | 06/14/2021 | RETURN OF SERVICE: METRIC ENGINEERING, LLC C/O MARILEY PEREZ - REGISTERED AGENT - 6/3/2021 | 1 |
| | 12 | 05/28/2021 | EMAILED ADMINISTRATIVE ORDER TO PLAINTIFF'S ATTORNEY | |
| 📄 | 11 | 05/28/2021 | CIVIL CASE MANAGEMENT ADMINISTRATIVE ORDER 2021-00-06 | 5 |
| | 10 | 05/28/2021 | Judge: GOODMAN JR, JAMES J Assigned | |
| 📄 | 9 | 05/28/2021 | SUMMONS ISSUED 5/28/21 | 1 |
| 📄 | 8 | 05/28/2021 | SUMMONS ISSUED 5/28/21 | 1 |
| 📄 | 7 | 05/28/2021 | COMPLAINT | 9 |
| 📄 | 6 | 05/28/2021 | CIVIL COVER SHEET | 3 |
| | 5 | 05/28/2021 | Payment received: $420.00 Receipt Number MX 2021006651 | |
| | 4 | 05/28/2021 | Assessment 1 Total Assessed $420.00 Balance Remaining $0.00 | |

## Judge Assignment History

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| 05/28/2021 | - | GOODMAN, JAMES J JR | |

## Court Events

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

## Financial Summary

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $420.00 | Paid to Date: $420.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | | |
|---|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $420.00 | $420.00 | $0.00 | $0.00 | - |

## Reopen History

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

     **I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FOURTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>JACKSON</u>   COUNTY, FLORIDA

<u>ADRIAN PEACE Sr</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>METRIC ENGINEERING INC, THOMPSON TRUCKING LLC</u>
Defendant

---

    **II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

    **III.     TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

 **IV. REMEDIES SOUGHT** (check all that apply):
 ☒ Monetary;
 ☒ Nonmonetary declaratory or injunctive relief;
 ☒ Punitive

 **V. NUMBER OF CAUSES OF ACTION:** [   ]
 (Specify)

  <u>1</u>

 **VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

 **VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

 **VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>    Fla. Bar # <u>739685</u>
   Attorney or party       (Bar # if attorney)

<u>Marie A Mattox</u>      <u>05/28/2021</u>
 (type or print name)      Date

Case 5:21-cv-00137-TKW-MJF   Document 1-1   Filed 07/02/21   Page 6 of 22

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR JACKSON COUNTY,
FLORIDA

**ADRIAN PEACE, SR.,**

    **Plaintiff,**

v.

**METRIC ENGINEERING, INC., and
THOMPSON TRUCKING, LLC.,**

    **Defendants.**

_____/

**CASE NO.: 21-CA-
FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, ADRIAN PEACE, SR., hereby sues Defendants, METRIC ENGINEERING,

LLC., and THOMPSON TRUCKING, INC., and alleges:

### NATURE OF THE ACTION

1.      This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes and 42 U.S.C. §1981.

2.      This action involves claims which are, individually, in excess of Thirty Thousand

Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3.      At all times pertinent hereto, Plaintiff, ADRIAN PEACE, SR., has been a resident

of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class

due to his race (black) and actual or perceived disability or record of impairment, and he was

retaliated against after reporting Defendants' unlawful employment practices.

4.      At all times pertinent hereto, Defendant, METRIC ENGINEERING, INC.,

("Metric") has been organized and existing under the laws of the State of Florida. At all times

pertinent to this action, Defendant has been a joint "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's joint employer as it relates to these claims.

5.      At all times pertinent hereto, Defendant, THOMPSON TRUCKING, LLC., ("Thompson") has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been a joint "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's joint employer as it relates to these claims.

## CONDITIONS PRECEDENT

6.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Rights and/or the Equal Employment Opportunity Commission.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

7.      Plaintiff, a black male, began his employment with Defendant Thompson on October 27, 2018 and held the position of Debris Monitor at the time of his wrongful termination on or around January 9, 2019.

8.      Metric contracted with Thompson to provide employees for the Hurricane Michael clean up.  Plaintiff was contracted by Thompson to work with Metric.

9.      Despite Plaintiff's satisfactory work performance during his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his race and actual or perceived disability, and because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

10.     The disparate treatment and retaliation came at the hands of specifically but not limited to Operations Manager Don Day, Project Manager ("PM") Doug Zimmer, Lead Jordan (l/n/u) and Michelle Baxley, all white Metric employees.

11.     Plaintiff suffers from a disabling mental health condition of which Defendant was aware.  This condition allows him to have a service dog.

12.     It is with information and belief that Plaintiff was next in line for a promotion. It was around this time that Plaintiff began being targeted. Without reason, Plaintiff was reassigned to work with a new crew. The crews that Plaintiff monitored are comprised of Ceres Environmental contracted workers.

13.     Each morning, the crews are notified of the jobsite. On or around December 17, 2018, Plaintiff contacted his crew foreman at 5:30 a.m. to touch base and see when the crew would be in, then headed to the announced jobsite. Plaintiff and Robert Orshall, a white debris monitor, arrived at the jobsite at 5:45 a.m. Plaintiff called the crew foreman again at 6:00 a.m. to follow up. The foreman told Plaintiff that he was running late and they would be there in a few minutes.

14.     Around 6:15 a.m., Baxley called Plaintiff and informed him that the crew was at a different jobsite without a debris monitor, so she had sent another monitor.  The crew told PM Zimmer that Plaintiff never showed up. This baffled Plaintiff as he had been keeping Baxley informed of the situation.

15.     Plaintiff and Orshall located the team.  When they arrived at the jobsite, Plaintiff noticed that a chainsaw operator was cutting trees on private property, which was not permitted under the contract. Plaintiff notified Baxley and documented it.

16.     Then, Day, Zimmer, and Baxley arrived at the jobsite. Plaintiff discussed how he had seen a chainsaw cutter in the private woods.  The crew denied that a chainsaw cutter was in

3

the woods, expectedly, so as they would have been incriminating themselves. Day, Zimmer, and Baxley sided with the white crew and placed Plaintiff on unpaid standby until January 5, 2019.

17.     Orshall, the white debris monitor, got into a heated argument with crew member (f/n/u) Byrd the same day and was also placed on standby.  However, Orhsall was permitted to have paid standby and return to regular duty less than 24 hours later.  This is an obvious discriminatory act as the white debris monitor who exhibited unbecoming behavior was punished less severely than a black debris monitor who followed the rules.

18.     On information and belief, Day and Baxley set Plaintiff up and concocted a lie that Plaintiff lost his temper in order to arbitrarily and disparately reprimand him.

19.     Plaintiff returned to the jobsite on January 8, 2019.  He had his dog with him at the time as it is his service dog for his disability.  It was not unusual for other employees to have their dogs at the jobsite even without disabling conditions specifically but not limited to a Hispanic supervisor and a female crewmember, who both brought their docs with them to work. However, Zimmer approached Plaintiff with a message from Day that Plaintiff needed to leave because Plaintiff is going to say he has PTSD.  Plaintiff was immediately placed on standby.

20.     The following day, January 9, 2019, Plaintiff emailed Metric's headquarters and complained about Day.  Plaintiff reported that Day was extremely rude and that monitors were being punished for doing the right thing.  He also reported that he believed that there was racism in the way that he was treated.  He further indicated there was a group that wanted to petition for Day's removal and asked who he could speak with.

21.     In retaliation for Plaintiff reporting Day, he was never called back to work and was terminated.

4

22.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

23.     Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes and 42 U.S.C. §1981.

29.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

30.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

33.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination.

34.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race.

35.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## DISABILITY DISCRIMINATION

36.     Paragraphs 1 through 22 are realleged and incorporated herein by reference.

37.     This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

38.     Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability.  During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

39.     Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant.  Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to

take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

40.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

41.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination.

42.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment.

43.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## COUNT III
## RETALIATION – Chapter 760

44.     Paragraphs 1 through 22 are realleged and incorporated herein by reference.

45.     Defendant is an employer as that term is used under the applicable statutes referenced above.

46.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and 42 U.S.C. §1981.

47.     The foregoing unlawful actions by Defendant were purposeful.

48.     Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

49.     Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

50.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)      enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)      enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)      enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)      award Plaintiff interest where appropriate; and

(g)      grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 28th day of May 2021.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

9

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR JACKSON COUNTY,
FLORIDA

ADRIAN PEACE, SR.,

      Plaintiff,

v.

METRIC ENGINEERING, INC., and
THOMPSON TRUCKING, LLC.,

      Defendants.

_____/

CASE NO.: 21-CA-
FLA BAR NO.: 0739685

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**THOMPSON TRUCKING LLC**
**C/O COMMERCIAL CARRIER CONSULTANTS – REGISTERED AGENT**
**1700 N MONORE STREET, SUITE 11-296**
**TALLAHASSEE, FL 32303**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, Florida 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2021.



05/28/2021 09:36:12 AM

CLERK OF THE CIRCUIT COURT

By:_____
05/28/2021 09:36:12 AM

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR JACKSON COUNTY, FLORIDA**

**ADRIAN PEACE, SR.,**

     **Plaintiff,**

**CASE NO.: 21-CA-**
**FLA BAR NO.: 0739685**

**v.**

**METRIC ENGINEERING, INC., and**
**THOMPSON TRUCKING, LLC.,**

**SUMMONS**

     **Defendants.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **METRIC ENGINEERING, LLC.**
     **C/O MARILEY PEREZ- REGISTERED AGENT**
     **13940 S.W. 136TH STREET, SUITE 200**
     **MIAMI, FL 33186**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, Florida 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____, 2021.

                         CLERK OF THE CIRCUIT COURT



                    By:_____
                              05/28/2021 09:36:48 AM

File # 2021032271, OR BK: 4399 PG: 118, Pages: 1 of 5, Recorded 4/30/2021 at 9:02 AM,
Bill Kinsaul, Clerk Bay County, Florida   Deputy Clerk KM Trans # 1672956



# IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## OF THE STATE OF FLORIDA

### ADMINISTRATIVE ORDER # 2021-00-06

### RE: CIVIL CASE MANAGEMENT

**WHEREAS** AOSC 20-23, Amendment 12 directs chief judges to issue administrative orders applicable to each county within the judicial circuit requiring the presiding judge to:

(1) actively manage civil cases, and (2) strictly comply with Fla. R. Jud. Admin. 2.545 (a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.

**NOW, THEREFORE,** pursuant to AOSC 20-23 Amendment 12, the following civil case management and resolution plan is directed.

1. **Case Differentiation:** The presiding judge of civil cases shall review each civil case to determine whether it is complex, streamlined, or general.

   **Complex Cases** are cases designated by court order as complex cases under Florida Rule of Civil Procedure 1.201 and shall proceed as provided in the rule.

   **Streamlined Civil Cases** are Non-Jury civil cases anticipated to have a trial length of less than two days, and *not likely* to: (a) involve numerous pretrial motions, or (b) pretrial management of a large number of witnesses or a substantial amount of documentary evidence.

   **General Civil cases** include all cases that are not designated by order  as complex or streamlined.

2. **Case Management Order:**

   a.   A Standing Case Management Order in the form attached as 'Exhibit A' shall be issued by the Clerk in each civil case filed on or after April 30, 2021. The Plaintiff or Petitioner must serve a copy of the Standing Case Management Order with the Summons and the Complaint/Petition.

JACKSON COUNTY CLERK OF COURT 05 28 2021 09:37

File # 2021032271 BK: 4399 PG: 119, Pages: 2 of 5

> b.    A Standing Case Management Order substantially in the form attached as 'Exhibit A' shall be issued by the Court in each civil case filed before April 30, 2021 by December 3, 2021, unless otherwise provided by AOSC20-23, Amendment 12, or the action is set for trial.

*Each case management order* shall specify the deadline for:

a.    service of complaints and service under extensions
b.    adding new parties
c.    completion of discovery
d.    resolution of motions and objections to pleadings
e.    completion of mediation

*Trial Dates:* Each case management order shall also specify a projected trial date and indicate that an order setting a firm trial date will be issued pursuant to Fla. R. Civ. Proc. 1.440 when the case is at issue.

*Other procedures and protocols:* Case management orders may include other procedures and protocols outlined in Fla. R. Civil Proc. 1.200 or otherwise aimed at maximizing the fair and just resolution of civil cases.

Maximum deadlines and timelines established for streamlined and general civil cases shall be consistent with Fla. R. Jud. Admin 2.250.

3.    **Rule 2.545 Case Management Compliance.** Judges are to review Rule 2.250 and 2.545 and shall strictly comply with Fla. R. Jud. Admin. 2.545 (a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.

The procedures and time standards set forth herein do not supplant any existing rule, statute, or law.

This Administrative Order shall take effect April 30, 2021 and shall remain in effect until further order of the Court.

**DONE AND ORDERED** in Chambers, at Panama City, Bay County, Florida, this 30ᵗʰ day of April 2021.

_____
CHRISTOPHER N. PATTERSON
CHIEF JUDGE

A CERTIFIED TRUE COPY
BILL KINSAUL CLERK
OF THE CIRCUIT COURT
By_____
Deputy Clerk

Copy: Chair of the Workgroup on The Improved Resolution of Civil Cases

*Re: Civil Case Management*          *2021-00-06*          *Page 2*

File # 2021032271 BK: 4399 PG: 120, Pages: 3 of 5



# IN THE CIRCUIT COURT IN AND FOR BAYCOUNTY

**XXXX,**
     Plaintiff,

vs.                                        Case No.:  **XXXX**

**XXXX,**
     Defendant.

---

## Exhibit A
## STANDING CIVIL CASE MANAGEMENT ORDER

    **THIS MATTER** is before the court pursuant to Fla. R. Civil Proc. 1.200, Fla. R. Jud. Admin. 2.545, and AOSC20-23, Amendment 12, and the court having determined that it is necessary to establish certain deadlines and timelines to ensure the prompt processing and just resolution of civil cases, issues the following case management order:

### 1. Case Differentiation.

    **Complex Cases:** cases designated by court order as complex cases under Florida Rule of Civil Procedure 1.201 shall proceed as provided in the rule.

    **Streamlined Civil Cases:** Non-Jury civil cases anticipated to have a trial length of less than two days, and *not likely* to: (a) involve numerous pretrial motions, or (b) pretrial management of a large number of witnesses or a substantial amount of documentary evidence may be designated as streamlined.

    **General Civil Cases:** include all cases that are not designated by order   as complex or streamlined.

    Civil cases shall be deemed "general civil cases" unless the presiding judge has entered a separate order designating the civil case as complex or streamlined.

### 2. Timelines and deadlines for streamlined and general civil cases.

    **a.**  *service of complaints and service under extensions -* Plaintiff shall serve the initial process and initial pleadings on a defendant within 120 days of filing the initial pleadings directed to that defendant as provided by Fla. R. Civ. Proc 1.070. If service of the initial process and pleadings is not made upon a defendant within 30 days after expiration of the initial 120 days, the action may be dismissed without prejudice or the defendant dropped as a party *unless* a motion and statement of

JACKSON COUNTY CLERK OF COURT 05 28 2021 09:37

File # 2021032271 BK: 4399 PG: 121, Pages: 4 of 5

good cause are filed by the plaintiff, and the matter is heard by the court prior to the expiration on the 30 days after the initial 120 days. The court may dismiss the action or grant additional service time.

b.   ***adding new parties*** - New parties may be added as provided by Fla. R. Civ. Proc. 1.250(c) and Rule 1.210(a), and on such terms as are just.

c.   ***Mediation*** - Mediation is required in all cases unless waived by the presiding judge and shall be completed no later than the pretrial conference. The presiding judge may issue a separate order of mediation directing completion of mediation by a specified deadline. Plaintiff's counsel shall insure that all fees and costs of mediation have been paid before distribution of any settlement proceeds. If the case is to proceed to trial, these expenses shall be satisfied prior to the trial date. The mediator shall provide the Court with a mediation report at least five (5) days before the pre-trial conference, unless otherwise ordered by the Court. The discovery process is not suspended by the court's order of mediation.

d.   ***Completion of discovery*** - Counsel shall complete all discovery, including independent medical examinations, at least 30 days before the pretrial conference. The conduct of discovery subsequent to the pretrial conference shall be permitted only on Order of the Court for good cause shown.

e.   ***Resolution of motions and objections to pleadings*** - ALL motions and objections to pleadings, including motions-in-limine, shall have been filed, scheduled, and heard prior to the pretrial conference. No motion will be heard at or after the pretrial conference absent compelling circumstances and consent of the Court. All motions not heard by the pretrial conference shall be deemed abandoned.

**3.   Trial Dates:** Trials for streamlined and general civil cases are projected to occur within the timeline established by Rule 2.250. Within sixty days of a notice of trial at issue, a separate order setting trial will be issued by the presiding judge establishing a firm trial and pretrial dates along with pretrial and trial instructions.

**4. Service on Defendants:** The Plaintiff or Petitioner must serve a copy of this Standing Case Management Order with the Summons and the Complaint/Petition on any defendant not served with process prior to the filing of this Order.

**5. Cases Previously Scheduled for Trial:**   If this action is subject to a previously entered Uniform Order Scheduling Trial (Bench or Jury), all dates and deadlines contained in the Uniform Order Scheduling Trial shall supersede any dates and deadlines contained in this Standing Civil Case Management Order.

**6. Rule 2.545, Rule 2.250, and Professional Obligation Compliance:** Lawyers and judges have a professional obligation to conclude litigation as soon as it is reasonably and justly possible to do so. Accordingly, the deadlines and timelines established herein and in any subsequent orders, and Rule 2.545 and Rule 2.250 will be strictly enforced.

Page 2 of 3

File # 2021032271 BK: 4399 PG: 122, Pages: 5 of 5

**ORDERED** in Panama City, Florida, this 30ᵗʰ day of April 2021.

John L. Fishel, II, Administrative Civil Judge

UNOFFICIAL DOCUMENT

**JACKSON COUNTY CLERK OF COURT 05 28 2021 09:37**

# VERIFIED RETURN OF SERVICE

Job # 2021003649

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| ADRIAN PEACE, SR. | |
| -versus- | County of Jackson, Florida |
| **DEFENDANT:** | Court Case # **21000093CAAXMX** |
| METRIC ENGINEERING, INC., and THOMPSON TRUCKING, LLC. | |

**Service Info:**

**Date Received by Accurate Serve of Tallahassee: 6/3/2021** at **10:27 AM**
**Service:** I Served **METRIC ENGINEERING, LLC C/O MARILEY PEREZ- REGISTERED AGENT**
With: **SUMMONS; COMPLAINT; ADMINISTRATIVE ORDER; STANDING CIVIL CASE MANAGEMENT ORDER;**
by leaving with **Janai Guzman, AGENT FOR SERVICE OF PROCESS**

At Business **13940 S.W. 136TH STREET, SUITE 200 MIAMI, FL 33186**
Latitude: **25.658127,**  Longitude: **-80.405708**

On **6/4/2021** at **02:43 PM**
**Manner of Service: CORPORATE R/A**
F.S. 48.091(1)(2) CORPORATIONS: DESIGNATION OF REGISTERED AGENT

**Served Description:  (Approx)**

Age: **30**, Sex: **Female**, Race: **Hispanic**, Height: **5' 4"**, Weight: **110**, Hair: **Brown** Glasses:  **Yes**

I **ROY MILLER** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**ROY MILLER**
Lic # **2518**

**Accurate Serve of Tallahassee**
400 Capital Circle Southeast
Tallahassee, FL 32301

Client # T212936
Job # 2021003649